## Estate of William Lippincott.    Appeal of Margaret Lardner Reakert.

*Will—" Personal effects "—Ejusdem generis—Construction of will.*

When a testator enumerates particular kinds of chattels and couples with them the word "effects," or equivalent words, the generality of his expression is to be restricted to such species of property as are ejusdem generis with the particular words.

A bequest of "my jewelry, wearing apparel, and personal effects, except such of the same as are herein otherwise disposed of," does not include furniture in the testator's dwelling, where the excepted articles "otherwise disposed of" were associated with the person of the testator.

Argued Jan. 15, 1896. Appeal, No. 134, July T., 1895, by Margaret Lardner Reakert, from decree of O. C. Phila. Co., April T., 1894, No. 528, overruling exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

The auditing judge, FERGUSON, J., after awarding the various legacies and bequests mentioned in the will to the persons therein designated, about which there was no dispute, proceeded as follows:

The only question which was raised for the consideration of the auditing judge was as to the meaning of the words "personal effects" in the seventh clause of the will; it being contended on behalf of Margaret Lardner Reakert, the legatee, that it included all the personal property in the house, such as furniture, pictures, etc., while upon the other hand it was claimed that it meant only such effects as the testator might have annexed to or connected with his person.

The language of the bequest to her is as follows: "All my jewelry, wearing apparel and personal effects, except such of the same as are herein otherwise disposed of." This claim, it would seem, is made in disregard of the meaning of the words as determined by their connection with the preceding words. The general principle of interpretation that applies is that, when "effects" is preceded by and connected with words of narrower import and the bequest is not residuary, it will be confined to species of property ejusdem generis with those previously described: 1 Roper on Legacies, star page 280. See also Rawlings v. Jennings, 13 Ves. 39; Planter's Bank v. Sharp, 6 Howard, 301; Ennis v. Smith, 14 Howard, 400.

In the latter case the Supreme Court of the United States say with reference to the meaning of the word "effects" in wills that it is limited by its association to other things of a like kind. It is from the subject-matter of its use that intention of something else is to be implied.

In view of the collocation of the words "personal effects" in this will, it is very clear, from the foregoing principles, that the meaning of the words must be confined to articles similar in kind to jewelry and wearing apparel, and cannot embrace household furniture. As confirming this view, it will be observed that in his will the testator nowhere specifically disposes of articles of furniture, while he does make several specific bequests of personal effects of the nature of jewelry and wear-

ing apparel, as in the eighth and ninth clauses. The phrase
" except such of the same as are herein otherwise disposed of "
indicates the character of the preceding kind of articles, jewelry,
wearing apparel and personal effects as one and the same, and
the subsequent bequest of similar articles, and the reference to
such subsequent bequests in the phrase under consideration,
would seem to determine conclusively the meaning of the phrase
" personal effects " in accordance with the contention herein.

"Effects " when preceded or followed by words of a narrower ·
import, if the bequest is not residuary, will be confined to spe-
cies of property ejusdem generis with those previously described:
13 Ves. 39 ; 15 Ves. 326 ; Rop. Leg. 210 ; 2 Shars. Bl. 384, and
Bouvier's Law Dic. " Effects."

Reimer's Estate, 159 Pa. 212, is distinguishable from the pres-
ent case. There an intestacy would have resulted if the words
" personal effects " had not been given a broad meaning ; and,
moreover, there would have been no subject-matter for the be-
quest to operate upon, if the narrower interpretation had been
given, inasmuch as all the household goods, books, clothing,
furniture, etc., had been previously and expressly disposed
of.

The auditing judge is therefore of the opinion and so finds
that the household furniture, pictures, etc., do not pass to Mrs.
Reakert under the bequest of personal effects.

Clerk, his costs and for a certified copy of this adjudication,
which when approved and annexed hereto will be considered
as a part of this adjudication.

The receipt for the collateral inheritance tax will be pro-
duced to the auditing judge.

And now, March 1, 1895, it is ordered and decreed that the
balance in the hands of accountant be distributed and paid as
above awarded, and the annexed account be confirmed nisi upon
payment of the clerk's costs.

Exceptions to the adjudication were dismissed by the court,
in an opinion by ASHMAN, J., which was in part as follows :

In a will written with the intelligent regard for legal accuracy which characterizes this will, we may take it for granted that every material word was intended to contribute its share in the expression of the testator's meaning. The fact that, as to all of its many and varied dispositions, with the single exception of the gift to the niece, we are left without any manner of doubt as to the exact purpose of the testator, is proof of the care with which the instrument was prepared. He gave to her in fee, by apt words, his real estate in the city of New Orleans, and he added, "also all my jewelry, wearing apparel and personal effects, except such of the same as are herein otherwise disposed of." In choosing the word "effects," he used a word of the widest scope, which, as Lord MANSFIELD said, "is synonymous with worldly substance" (Hogan v. Jackson, 1 Cow. 299), and which, therefore, embraces every form and species of personal estate, and has even, in exceptional cases, passed realty. When a testator accompanies a word of general meaning, like "effects," with particulars which are embraced within that meaning, he is influenced by one of two motives—a fear that the particulars may be overlooked, or an intent to restrict the meaning of the general word. It is very certain that this decedent was not actuated by the former consideration; he knew that if he gave his effects to the legatee, he gave her all the personalty he possessed, and he would hardly commit the superfluous folly of particularizing his jewelry and clothing. But, while he could not increase a term which was universal, he could diminish it. And he did this in a double way; by associating it with particulars, and by prefixing to it the adjective "personal." The phrase "personal effects" has obtained, by frequent use, as distinctly a defined meaning as the phrase "household effects." It designates articles associated with the person, just as the opposite phrase denotes articles belonging to the house. But it gets this meaning by being contrasted with household effects, as when the testator bequeaths his personal and household goods. In this instance, the testator intended to give, specifically, only his personal belongings, and not those of his house, and he did it by connecting personal effects with articles so

intimately personal to himself as his jewelry and apparel.   He excepted from the personal effects " such of the same " as were .otherwise disposed of.   We concede that if the excluded articles were not such as were associated with his person, a grave doubt would be cast upon our reasoning.   On the other hand, if they proved to be ejusdem generis with the items he enumerated, they would emphasize his meaning.   They were a watch and a small tea-set, the latter going to the daughter of the legatee.   This tea-set had been in constant use by the testator, and was kept in or adjacent to the dining room; and the only other silverware he owned, consisting of spoons, tongs and a cream jug, was sometimes placed in a box in an upper story. He lived alone in the house, and he used the utensils, or most of them, upon his table for his own convenience.   This strictly personal use by the testator gave them a distinctive character wholly different from that of other articles of domestic use or ornament.   It was the same as if they had been marked with his name, and had been the subject of a personal gift to him; the same, indeed, as the pen or the inkstand upon his desk, or the watch which he gave to his nephew; so that, as well by the articles which he named, as by those which he excepted, the testator seems to have intended by his " personal effects," not his personal chattels in general, but only such as were associated with his person.   The contestant is either afraid of her own logic, or is too magnanimous to push it to its proper conclusion.   If the term "personal effects " is not limited to the meaning we have assigned to it, it must denote everything that is personal, for, except in the way which has been suggested, the testator restricted it by no bounds whatever.   But the exceptant has anchored midway in her voyage after results, and demands only, in addition to the jewelry and clothing, the furniture which was in the dwelling of the decedent.   She can, however, only establish her title to that by showing that she is equally entitled to his money and stocks and every other item of his personal property.   There is no escape from this position. If the excepted plate was furniture, then the gift of personal effects included the remaining furniture.   But certain bequests of money were also excluded; the remaining moneys would therefore go to the exceptant, and money comprehends the securities which belong to the estate and likewise pass as effects.

Each of the cases cited will be found to have turned upon the need of avoiding an intestacy, or, as in Kendall v. Kendall, upon the unmistakable anxiety of the testator to enumerate every species of property, in order that the legatee might take everything. Reimer's Estate, 159 Pa. 212, which was weighted with a dissenting opinion, was a gift to testator's brother of " any and all of my household goods, books, clothing, furniture, etc., that he may desire; the balance of the personal effects to be divided among the children of my sister." If the brother took the specified articles, as he was entitled to, there would have been nothing, under a restricted meaning of "personal effects," to go to the children, and there would have been an intestacy as to the great bulk of the personal estate.

We think that the contestant is entitled to those articles forming part of the tea service, which were not the subject of the specific bequest to her children.

The exceptions are dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*Arthur Biddle, J. R. Paul* with him, for appellant, cited: Bunn v. Winthrop, 1 Johns. Ch. 329; Crichton v. Symes, 3 Atkins, 61; Reimer's App., 159 Pa. 212; 2 Williams on Executors, 1015.

*Geo. Tucker Bispham, Sharswood Brinton* with him, for appellee.—The following are cases where words of larger significance preceded by words of limited meaning have been restricted by the latter: Crichton v. Symes, 3 Atk. 61; Cavendish v. Cavendish, 1 Bro. C. C. 467; Woolcomb v. Woolcomb, 3 P. Wms. 112; Fisher v. Hepburn, 14 Beav. 627; Patterson v. Huddart, 17 Beav. 210; Hotham v. Sutton, 15 Ves. 319; Dale v. Johnson, 3 Allen, 364, 367; Webster v. Wiers, 51 Conn. 569; Newman v. Newman, 26 Beav. 220.

PER CURIAM, January 27, 1896:

Appellant's contention here, as it was in the court below, is that under the words "and personal effects," in the seventh item of his will, the testator intended she should take the personal effects in his house, such as pictures and furniture. This con-

struction was very forcibly presented by her learned counsel in his argument; but our consideration of the subject has led us to the conclusion that the words employed by the testator were rightly construed by the learned auditing judge whose decree was approved by the court in banc.  On his opinion we affirm the decree and dismiss the appeal with costs to be paid by appellant.