MARGARET FALOON v. FRANK FLANNERY and Others.

October 25, 1898.

Nos. 11,371—(89).

**Will—Division among Testator's Children—Decree Assigning Real Estate—Construction.**

> The testator's will directed his widow to divide his real estate between his children, "to the best advantage as she sees fit and proper." In its decree of distribution the probate court assigned the real estate to the widow, "subject to the conditions and provisions of the will." *Held,* she did not, by the terms of the decree, take the real estate for her own use and benefit, but was still required to divide it between the children, and, in doing so, could not exclude any of them.

**Same—Excluded Child Owner of Undivided Interest.**

> She attempted so to exclude this plaintiff, one of said children, and thereafter died. *Held,* the plaintiff is the equitable owner of an equal undivided share of said real estate.

Action in the district court for Sibley county to partition certain real estate. The cause was tried before Cadwell, J., without a jury, and the court found that defendant Frank Flannery was the owner in fee of the premises. From an order denying plaintiff's motion for a new trial, she appealed. Reversed.

*Geo. S. Grimes,* for appellant.

The will confers upon the trustee of the power no power to distribute the real estate in such manner or proportion as she may think proper. The will further provides that the real estate shall be divided between the children "to the best advantage." To the best advantage of whom? The children. An exclusion of one child certainly would not be to the advantage of that child, and a distribution of the estate to one child, to the exclusion of others, certainly would not be a division of the real estate among the children to the best advantage. The deed to Frank Flannery, if intended as an execution of the power, was in excess of the power and void. Thrasher v. Ballard, 35 W. Va. 524; Lippincott v. Ridgway, 10 N. J. Eq. 164; Wright v. Wright, 41 N. J. Eq. 382. The law will not presume that the testator intended to

disinherit any one, or all but one, of his children, or delegate that power to another, unless it clearly so appears from the terms of the will. Kemp v. Kemp, 5 Ves. 849; In re Veale, L. R. 4 Ch. Div. 61.

*McClelland & Tifft,* for respondent Frank Flannery.

We contend that the case of Tidd v. Rines, 26 Minn. 201, is authority for our contention that the decree assigns the real estate in controversy to Bridget Flannery in fee. See also Foose v. Whitmore, 82 N. Y. 405. To the point that the will of Cornelius Flannery does not create a trust, but is an absolute devise to the widow, Bridget Flannery, see 2 Story, Eq. §§ 1069–1072; 1 Jarman, Wills, 685–695; Hutton v. Hutton, 41 N. J. Eq. 267; 27 Am. & Eng. Enc. 38–43, and cases cited; Knox v. Knox, 59 Wis. 172.

But if the will is sufficient to create a trust, then it has been executed in accordance with the terms of the will, and in any event appellant is not in a position to raise the question. 2 Black, Judg. § 643; Kurtz v. St. Paul & D. Ry. Co., 61 Minn. 18; Davis v. Hudson, 29 Minn. 27; Curran v. Kuby, 37 Minn. 330; Yeatman v. Yeatman, 35 Neb. 422.

CANTY, J.

This action was brought to partition the land in question, plaintiff claiming to be the owner of the undivided one-seventh of it, and defendant Frank Flannery claiming to be the owner of the whole of it. The trial court found for defendant, and, from an order denying a new trial, plaintiff appeals.

Plaintiff's father, at the time of his death, in September, 1874, was the owner of the land. He left a will, which, so far as here material, reads as follows:

"First. After all my lawful debts are paid and discharged, the residue of my real estate and personal I give and bequeath and dispose of as follows to wit: To my beloved wife, Bridget, I intrust the whole care and charge of the management of all my temporal affairs, real and personal, to have her raise up and educate my children, and, when they are of age, to divide my real estate, viz., the west half of the northwest quarter, and the southeast quarter of the northwest quarter, and the northwest quarter of the southwest quarter, in section No. 12, township 114, range 26, between them to the best advantage, as she sees fit and proper."

The will was duly proved and thereafter, on October 2, 1894, the probate court made a decree assigning said real estate. The decree, so far as here material, reads as follows:

"And it further appearing that the following named person is the only person entitled to the whole of said estate by virtue of the last will and testament of Cornelius Flannery, deceased, viz., Bridget Flannery, widow of said deceased, * * * it is ordered, adjudged and decreed * * * that all and singular of the above-described real property be, and the same is hereby, assigned to, and vested in, the said Bridget Flannery, widow, subject to the conditions and provisions of the will of Cornelius Flannery, deceased, to have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining, to the said above-named person and her heirs and assigns forever."

Several of the other heirs quitclaimed their interest in the land to the widow, and thereafter she deeded it to said Frank Flannery, one of said heirs.

On the authority of Tidd v. Rines, 26 Minn. 201, 2 N. W. 497, the court below held that the decree of the probate court assigning the estate to the widow is conclusive, and vested absolutely in her all interest in the land. The Tidd case does not control this case. In that case the will did not grant to the widow any power or confer on her any trust to be exercised over the real estate for the benefit of another. Therefore, if the decree of the probate court assigning the real estate to her vested anything in her, it vested in her an absolute title for her own use and benefit. But in the case at bar the will required the widow to divide the real estate in question between the testator's children, and the decree of the probate court assigned the real estate to her subject to this provision of the will. It is perhaps true that the will did not devise this real estate to the widow, in trust or otherwise, and did not contemplate the assignment of it to her by the probate court at all. But that is now immaterial. The decree of the probate court has assigned it to her, subject to said power contained in the will, and that decree is now conclusive and controlling. Then, by the very terms of the decree, she was still required to divide this real estate between the testator's children, "to the best advantage, as she sees fit." Whether

the effect would be the same if the decree did not refer to the clause requiring her to divide the real estate between his children, we need not consider.

Under the power of appointment in this will, the widow had no power to exclude any of the children. See Thrasher v. Ballard, 35 W. Va. 524, 14 S. E. 232; Knight v. Yarbrough, Gilmer, 27; Hudsons v. Hudson, 6 Munf. 352; Wright v. Wright, 41 N. J. Eq. 382, 4 Atl. 855; Lippincott v. Ridgway, 10 N. J. Eq. 164; Walsh v. Wallinger, 2 Russ. & M. 78.

The widow died April 6, 1897. According to the above authorities, she died without executing the power; and the equitable estate in an undivided one-seventh of the real estate is now in the plaintiff.

The order appealed from is therefore reversed, and the case remanded, with directions to the court below to order judgment for plaintiff.