GALLAGHER and others, Respondents, vs. McKEAGUE and another, Appellants.

*April 7—May 2, 1905.*

*Wills: Construction: Presumption against intestacy: Articles* ejusdem generis: *"And effects."*

1. While no intention of the testator to die intestate as to part of his estate can be presumed when his words, as found in his will, can be fairly construed to dispose of his whole estate; and whenever the words of a will, fairly construed, are such as to carry the whole estate, it will be presumed that the testator intended to dispose of all his property, yet intention to pass the whole estate must be expressed in some form, and the presumption will not prevail when the language of the will, fairly construed, is insufficient to carry the whole.

2. Testator, by his will, disposed of all of his real estate, consisting of four separate parcels, and made specific bequests of personalty to eight persons. The only other disposition of property contained in the will was a bequest of "all the household furniture *and effects*" to named beneficiaries. After satisfying just debts, funeral expenses, and the specific legacies, there remained in the hands of the executor a considerable sum in cash realized out of the personal estate. *Held,* that the words "and effects," as used in the will, must be confined to such species of property as are *ejusdem generis* with those specified in the preceding part of the sentence, and were properly limited to household effects.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The facts in this case are undisputed, and to the effect that the testator executed his last will and testament October 13,

1902; that about three weeks afterwards his wife died at the age of eighty-four years; that November 27, 1902, the testator died at the age of eighty-one years; that January 6, 1903, his will was admitted to probate; that he left, him surviving, no relative nearer than nephews and nieces; that four of his nephews and nieces resided in the state of Maine; that three of them resided in the state of Montana, and four in the state of Wisconsin. By his will the testator specifically disposed of all of his real estate, consisting of four separate parcels, as therein described. Out of his personal estate he made the following bequests: $200 to Sarah McGraw; $200 to Anna McGraw; one half of a mortgage, which the testator held against Mary Bower and her husband, to Mary Bower; $200 to Sarah Younglove; $5 to Kate Carpenter; $50 to Father Fisk, of Berlin; $50 to the father who occupied St. Joseph's church in Wautoma; and $500 to erect a monument on his lot in the cemetery. The only other disposition of personal property contained in the will is by the tenth provision thereof, which reads as follows: "All the household furniture *and effects* I will, devise, and bequeath to *Mary McKeague* and *Maggie McKeague*." The county court and the circuit court found that by these express terms of the will there was only bequeathed to *Mary* and *Margaret* out of the personal estate the "household goods and furniture, inventoried at $104.90." The court, among other things, also found as matters of fact, and also as matters of law, in effect, that after the assigning of the real estate as mentioned in the will, and the payment of all the just debts and funeral expenses, and satisfying the several bequests mentioned in the will, including the "household goods and furniture" mentioned, there remained in the hands of the executor, and realized out of. the personal estate, in cash $5,712.92, and in notes $375.24, and as to those two sums, aggregating $6,088.16, the testator died intestate, and that the same should be assigned and distributed to the

eleven nephews and nieces therein mentioned—to each of them one eleventh part thereof; and thereupon the court ordered and directed that the judgment of the county court be in all respects affirmed and that the record be remitted to that court for further proceedings in the administration and settlement of said estate; that the respondents recover from the appellants their costs and disbursements in the circuit court, to be taxed; and that such judgment be docketed and enforced in the manner provided by law; and ordered judgment to be entered accordingly. From the judgment so entered the said *Mary* and *Margaret McKeague* appeal.

*John J. Wood, Jr.,* for the appellants.

*E. F. Kileen,* guardian *ad litem,* and *Perry Niskern,* for the respondents.

CASSODAY, C. J.    It is claimed by the appellants that the trial court improperly held that the testator died intestate as to a large portion of his personal estate. This contention is based upon the arrangement of the provisions of the will as well as the language employed. The testator specifically devised all of his real estate as mentioned in the foregoing statement. By the first clause of the will the testator devised to the appellants the house and lot then occupied by him, together with the barn thereto belonging. His moneys, notes, certificates, contracts, and personal property were all in his possession on the premises when he executed the will and when he died. He also made eight specific bequests out of his personal estate, to the aggregate amount of nearly $1,500. And finally, by the tenth clause of the will, he bequeathed to the appellants "all the household furniture *and effects.*" It is conceded that the question for determination is whether "the word 'effects' is to be given the significance to which it is entitled when standing alone, or whether such meaning is colored or cut down by association with the word 'household' in the same clause." Counsel invokes the well-

established rule that no intention of the testator to die intestate as to a part of his estate can be presumed when his words, as found in his will, can fairly be construed to dispose of his whole estate; that whenever the words of a will, fairly construed, are such as to carry the whole estate, it will be presumed that the testator intended to dispose of all his property. Schouler, Wills (3d ed.) § 490; *Ferry's Appeal,* 102 Pa. St. 207; *Miller's Appeal,* 113 Pa. St. 459, 6 Atl. 715; *Woodside's Estate,* 188 Pa. St. 45, 51, 41 Atl. 475; *Vernon v. Vernon,* 53 N. Y. 351; *Given v. Hilton,* 95 U. S. 591, 594; *Taubenhan v. Dunz,* 125 Ill. 524, 17 N. E. 456; *Saxton v. Webber,* 83 Wis. 617, 628, 53 N. W. 905; *In re Donges's Estate,* 103 Wis. 497, 501, 79 N. W. 786. The language of the will in question is not in the form of a residuary bequest, nor such as necessarily to imply an intention on the part of the testator to dispose of his whole estate, as is frequently the case. *In re Bagot: Paton v. Ormerod,* L. R. 3 Ch. Div. 348; *Miner's Will,* 146 N. Y. 121, 40 N. E. 788; *Lawrence v. Barber,* 116 Wis. 294, 93 N. W. 30. True, no particular form of expression is necessary to constitute such residuary bequest, but the intention to pass the whole estate must be expressed in some form. We find no case where the presumption against intestacy has prevailed when the language of the will, fairly construed, is insufficient to carry the whole estate. True, as urged by counsel, the word "effects" is of very general significance, and by all the authorities is equivalent, at least, to personal property, which is the only kind of property here involved. In addition to the authorities cited by counsel, see Cent. Dict.; Bouv. Dict.; 3 Words & Phrases, 2320–2323; Schouler, Wills (3d ed.) § 509. As stated in one of the adjudications cited,

"The words 'personal effects,' in a will, when not restricted by the context, mean everything embraced within the description 'personal property.'" *Reimer's Estate: Ewing's Appeal,* 159 Pa. St. 212, 28 Atl. 186.

But here the word "effects" is not used in a general or un-limited sense. If it were to be here so construed it would include all the personal estate, and hence would be repugnant to the fifth, sixth, seventh, eighth, and ninth clauses of the will, which contain the eight specific bequests mentioned. It certainly was not intended to be used in a general and un-restricted sense in the clause in question. As here used it is expressly restricted to "all the household furniture and effects." The word "household" naturally and necessarily qualifies the word "effects" as much as it does the word "furniture." An English case, decided a hundred years ago by the distinguished Sir WILLIAM GRANT, is directly in point. *Rawlings v. Jennings,* 13 Ves. Jr. 39, 46. In that case the testator, after making a certain bequest to his wife in his will, added this clause: "together with all my household furniture and effects of what nature or kind soever that I may be possessed of at the time of my decease." In deciding the case the learned Master of the Rolls said:

"The second question arises upon the widow's claim of the whole residue of the personal estate as passing to her under the general word 'effects.' That claim cannot be sustained. Part of his property being particularly given to her after-wards, the word 'effects' must receive a more limited inter-pretation, and must be confined to articles *ejusdem generis* with those specified in the preceding part of the sentence, viz., household furniture."

Two years afterwards the Lord Chancellor referred to that case as having settled in that court "the doctrine" that the words "other effects," as thus used, "in general mean effects *ejusdem generis.*" *Hotham v. Sutton,* 15 Ves. Jr. 319, 326. While such doctrine is conceded, the facts are distin-guished in *Parker v. Marchant,* 1 Younge & Col. N. C. 290, 303, 304; *Rex v. George,* L. R. 4 Ch. Div. 435, 446; *In re Londesborough: Bridgeman v. Fitzgerald,* 50 L. J. Ch. 9. The doctrine of *Rawlings v. Jennings, supra,* has been ex-pressly sanctioned in a late case in Pennsylvania, wherein it

is held that "when a testator enumerates particular kinds of chattels, and couples with them the word 'effects,' or equivalent words, the generality of his expression is to be restricted to such species of property as are *ejusdem generis* with the particular words." *Lippincott's Estate: Reakert's Appeal,* 173 Pa. St. 368, 34 Atl. 58. That case was followed in a later case in that state, in which it was held that, "where a residuary clause is omitted in a will, it is neither necessary nor proper to give the residue to some specific legatee upon a forced construction of words which do not indicate such a purpose in the mind of the testator." *Schmidth's Estate: Becker's Appeal,* 183 Pa. St. 641, 38 Atl. 1086. Of course, the rule *ejusdem generis* ordinarily limits the meaning of general words to things of the same class as those enumerated under them. 3 Words & Phrases, 2328, and cases there cited. We must hold that the words "and effects," as used in the will in question, are limited to household effects, as held by the trial court.

*By the Court.*—The judgment of the circuit court is affirmed.