## CORA L. BARNEY v. FRED M. MAY.[1]

### January 5, 1917.

### Nos. 20,024—(171).

**Will — devises — residuary clause.**

1. A testatrix at the time of making a will owned a valuable apartment building, the bulk of her estate. She had then no personal property of consequence, save household and personal belongings. By her will she first divided her real estate equally between her son and daughter, her sole heirs at law. She then made four bequests, numbered three to six, giving to different persons enumerated personal belongings, such as jewelry, plate, china, pictures, furniture and books, and then by a seventh bequest gave "the residue * * * of my personal effects * * * not herein

[1]Reported in 160 N. W. 790.

Note.—On disposal, loss, or destruction of subject matter or payment of debt, as ademption of specific legacy or devise, see note in 40 L.R.A.(N.S.) 542.

On change in subject matter or substitution of other property as an ademption of a specific legacy or devise, see note in 40 L.R.A.(N.S.) 553.

enumerated" to her son. After making the will she sold the apartment building and received money and securities therefor. *Held*, the money and securities did not pass under the residuary clause of the seventh bequest.

**Will — intent of testator.**

2. The cardinal rule of construction of wills is to arrive at the intention of the testator. To that end, words must be given their ordinary meaning unless the context operates to restrain or enlarge the meaning.

**Will — meaning of "personal effects."**

3. The term "personal effects" commonly means such tangible property as attends the person. As used in the seventh bequest of this will, by application of the doctrine *ejusdem generis*, it includes all personal property of the character described in the four preceding bequests, but does not include a residue of money and securities not in existence at the time the will was made.

**Will — presumption against partial intestacy.**

4. While a construction is to be applied, if possible, that will avoid partial intestacy, the presumption against intestacy does not prevail when the language of the will, fairly construed, is not sufficient to carry the whole estate.

**Will — wording governs construction.**

5. A will usually speaks as of the time of the death of the testator, but this is not an unyielding rule. It bends to the plain language of the will.

From a decree of the probate court for Hennepin county, Dahl, J., assigning the residue of the estate of Lydia Ann May, deceased, Cora L. Barney, as heir at law of decedent, appealed to the district court for that county. The appeal was heard before Steele, J., who amended the decree of the probate court so that the personal property assigned to Fred M. May was assigned to Fred M. May and Cora L. Barney, share and share alike. From the judgment entered pursuant to the findings, Fred M. May appealed. Affirmed.

*Ueland & Jerome,* for appellant.

*W. B. Anderson* and *Roberts & Strong,* for respondent.

HALLAM, J.

1. Lydia Ann May made a will, April 18, 1912. At that time she was the owner of some pieces of real estate, the most valuable of which was a

building known as the Oxford Flats, an apartment building in Minneapolis. The building constituted the bulk of her property. She had beside, some furniture, plate, jewelry, chinaware, pictures, books and household belongings, and a horse, wagon, cutter and harness of small value. She had only a nominal amount of money or other property. Plaintiff and defendant were her only children and heirs at law. She was fond of both. In her will she made bequests numbered from two to seven. In the second she gave all of her real estate to her two children, share and share alike. In the bequests numbered from three to six, inclusive, she distributed among relatives, including her children, such personal belongings as watch and chain, jewelry, silverware, chinaware, glassware, pictures, furniture, books and articles of a similar personal nature, all by specific designation. Then comes the seventh bequest out of which this litigation arose. It reads as follows:

"The residue and remainder of my personal effects of every kind and nature not herein enumerated I give and bequeath unto my said son Fred May."

Mrs. May died July 26, 1913. The trouble arises from the fact that after the making of the will she sold the Oxford Flats for $22,000 and received as the proceeds, money, notes and mortgages, a good share of which she still possessed at the time of her death. It is the claim of appellant that all of the money and securities, the proceeds of the Oxford Flats, passed to him under the residuary clause of the seventh bequest as "personal effects," and that as a result the major part of the estate, instead of being divided equally between him and his sister, as it would have been had deceased died before she sold this property, now vests entirely in him alone. We cannot sustain appellant's contention.

2. The cardinal rule in the construction of wills, to which all others must bend, is that the intention of the testator as expressed in the will shall prevail. In re Swenson's Estate, 55 Minn. 300, 308, 56 N. W. 1115. In determining what was the intention of the testator, we must give to the words used their common ordinary meaning, unless there is something in the context or circumstances to restrain or enlarge the meaning, and, if words used are susceptible of different shades of meaning, according to the connection in which they are used, we must accord to them the meaning which the context or circumstances require.

3. The word "effects" is a broad term. Used alone, it has been said to be synonymous with "worldly substance." Hogan v. Jackson, Cowp. (Eng.) 299,304; The Alpena, 7 Fed. 361. Used in conjunction with the words "goods, chattels," it usually means all personal property; (Planters' Bank v. Sharp, 6 How. 301), 12 L. ed. 447, and under some circumstances it has been held to include real estate as well. Adams v. Akerlund, 168 Ill. 632, 637, 48 N. E. 454. Used with some other words, its meaning is much restricted; for example, when used in the expression "household furniture and effects" the word effects is limited to household goods. Gallagher v. McKeague, 125 Wis. 116, 103 N. W. 233, 110 Am. St. 821; Rawlings v. Jennings, 13 Ves. 39, 44. The word "personal" used with "effects" much restricts its meaning. In common understanding the expression "personal effects," without qualifying words, includes only such tangible property as attends the person, or, as variously stated, "such tangible property as is worn or carried about the person." (Brandon v. Yeakle, 66 Ark. 377, 50 S. W. 1004; Lippincott's Estate, 173 Pa. St. 368, 34 Atl. 58) ; or "goods and items of property having a more or less intimate relation to the person" (Standard Dictionary) ; or "personal luggage as distinguished from merchandise;" Murray's Oxford Dictionary; U. S. v. One Trunk (D. C.) 175 Fed. 1012, 1015. These are not "narrow" definitions. They indicate the commonly accepted meaning of the term. If the term has any larger meaning here it is because of the connection in which it is used. We think it has a somewhat larger meaning. We think that by the application of the doctrine *ejusdem generis* it must be held that the term "personal effects" was intended by the testatrix to include all personal property of the character she had been describing in the preceding four bequests. But to hold that the term "personal effects," as used here, includes a large residue of money and securities, nothing of which she then owned, and which she evidently did not have in mind, would do violence to the language of the will. This view is supported by the authorities.

In Brandon v. Yeakle, 66 Ark. 377, 50 S. W. 1004, the testator gave his books to his brother, and in the next clause devised "the remainder of my personal effects of whatever nature not enumerated herein." It was held that an interest in an insurance business did not pass under the term "personal effects."

In Welman v. Neufville, 75 Ga. 124, the will contained a bequest of

"silver, jewelry and other personal effects." It was held that the term "personal effects" meant only effects of personal use, like silver and jewelry, and did not pass the residuum of the personal estate.

4. We are fully cognizant of the principle of law that partial intestacy is not to be presumed, and that a construction is to be applied, if possible, that will avoid that result. Atwater v. Russell, 49 Minn. 22, 51 N. W. 624, 52 N. W. 26; Gallagher v. McKeague, 125 Wis. 116, 103 N. W. 233, 110 Am. St. 821; 40 Cyc. 1409. But this simply means that in the construction of language of doubtful meaning that interpretation should be preferred which avoids intestacy. Phillip's Estate, 205 Pa. St. 504, 55 Atl. 210, 97 Am. St. 743. Whenever the words of a will, fairly construed, are such as to carry the whole estate, it will be presumed that the testator intended to dispose of all his property. But, the presumption against intestacy does not prevail when the language of the will, fairly construed, is insufficient to carry the whole estate. Gallagher v. McKeague, 125 Wis. 116, 103 N. W. 233, 110 Am. St. 821. This testatrix doubtless intended to dispose of all the property she owned at the time the will was made, and the language of her will was such that it would so operate.

5. We are not unmindful of the principle that a will usually speaks as of the time of the death of the testator, yet this is not an unyielding rule. In re Swenson's Estate, 55 Minn. 300, 56 N. W. 1115. This rule must bend to the plain language of the will. The language of this will seems to us to be plain. It cannot be fairly construed as a disposition of all of the property of the testator as owned by her at the time of her death. The will simply fails to fit into the condition of things then existing. One thing stands out plainly in the will; that is, the intent of the testatrix to deal impartially with her two children, and, aside from articles which carried with them some personal association, to divide her estate equally between them. To hold that this will must now, because of the change of form of some of the property of the testatrix, result in giving substantially the whole estate to one, and in substantially disinheriting the other, would be contrary to the manifest intention of the will. Right principles of construction and the plainest principles of justice both forbid any such result.

We hold that the will does not dispose of the money and securities in controversy. The judgment of the district court was right and must be affirmed. So ordered.