## IN RE ESTATE OF WALTER TURLE.[1]

March 11, 1932.

No. 28,842.

*Mitchell, Gillette & Carmichael* and *James J. Nye,* for appellant.
*Lewis, Hunt & Palmer,* for Walter Lovell Turle, respondent.
*W. A. Watts* and *G. A. E. Finlayson,* for George E. Robson and G. A. E. Finlayson, trustees under will of Walter Turle.

DIBELL, J.

Petition in the district court of St. Louis county for a decree determining the rights of Penelope Turle and Walter Lovell Turle in

[1]Reported in 241 N. W. 570.

certain personal property under the trusts created by the will of their father, Walter Turle, now deceased. The trustees have no interest other than of discharging the duties of their trust. They appear and submit to the determination of the court upon the briefs and arguments of the contesting parties.

Walter Turle made his will on February 10, 1925. He died on March 18, 1926. His will was probated, and the trusts came within the jurisdiction of the district court in March, 1930. He devised his real estate to his wife, Sarah A. Turle, including his homestead and property pertaining thereto. He made two small bequests to employes of Turle & Company, Inc.

By paragraph four he bequeathed all the residue of his estate to trustees in trust with specific powers conferred and directions given. By paragraph five he directed the distribution by his trustees of certain income of his property as follows:

"The sum of five thousand dollars ($5,000.00) in each year to my said wife, during the full term of her natural lifetime; from any income remaining in excess of such payment to my wife, the sum of two thousand dollars ($2,000.00) in each year to my daughter, Penelope Turle, during the life of my said wife; and, from any income remaining after such payments to my wife and daughter, the sum of three hundred dollars ($300.00) in each year to my son, Walter Lovell Turle, during the life of my said wife; any such income then remaining in the hands of my said trustees shall be paid annually, or more frequently, as my trustees may do, to my said wife, so long as she shall remain unmarried, but, in case of the re-marriage of my said wife, from then on, the whole income of my estate then in the hands of said trustees, exclusive of such bequests to my said son, shall be equally divided between my said daughter and my said wife, during the remainder of the natural lifetime of my said wife."

The provisions of paragraph five are important only as they aid in the construction of paragraph six, which is as follows:

"I hereby authorize my said wife, by her own will and testament, to give, devise and bequeath, upon her decease, to my said son or

daughter, in such proportions as she may, by said will, determine, the one-third part of the income of my estate which shall come into the hands of my said trustees after the decease of my said wife, until my said daughter shall attain the age of fifty (50) years, and I do hereby authorize and direct that my said trustees shall distribute to my said son and daughter the one-third part of the income of my estate which shall come into their hands after the decease of my said wife, until my said daughter shall attain the age of fifty (50) years, in such proportions and in such manner as my said wife shall authorize and direct by her said will; but, in the event that she shall not make such will so distributing the one-third part of the income of my said estate, as aforesaid, I authorize and direct my said trustees, after the decease of my said wife and until my said daughter shall attain the age of fifty (50) years, to pay such one-third part of the income of my estate to my said daughter; and, in addition to the bequests hereinbefore made to my said daughter, from and after the decease of my said wife and until my said daughter shall attain the age of fifty (50) years, my said trustees shall pay to her annually, or more often, as they shall determine, the two-thirds of any income from my said estate then remaining in the hands of my said trustees, and the other one-third thereof to my said son, annually, or more often, as my said trustees shall determine, until my said daughter shall attain the age of fifty (50) years."

Mrs. Turle died on November 1, 1930. She willed to her son the one-third part of the income of the testator's estate mentioned in the beginning portion of paragraph six as follows:

"I give and bequeath to my son, Walter Lovell Turle, one-third of the income from the trust estate of Walter Turle, until my daughter, Penelope, shall attain the age of fifty (50) years, the disposition of which one-third income is given to me by the will of said Walter Turle."

If she had made no disposition of this one-third it would go to the daughter by the terms of paragraph six of her father's will. If the disposition was ineffective under her father's will, as the daugh-

ter claims that to her brother was, it would pass to her under her father's will, because there was no effective disposition by the will of her mother. All agree to this. The trial court correctly states the question this way:

"It may be conceded that under the authorities cited by counsel for Miss Turle if the word 'or' in the first part of paragraph six of Walter Turle's will is to be read only as 'and,' then the power conferred was a non-exclusive power and there was in fact no valid exercise of the power at all and the one-third of the income which is in dispute would have to be paid to Miss Turle under the other provisions of her father's will."

The trial court was of the view that the use of the word "or" permitted Mrs. Turle, under the power of disposition in her husband's will, to bequeath either to the son or to the daughter; that the bequest to the son was a valid execution of the power; and therefore the son and not the daughter took the one-third. Judgment to that effect was entered, from which Miss Turle appeals.

Counsel for the daughter urge with force that authority to bequeath "to my said son or daughter, in such proportion as she may, by said will, determine," and the words, "and I do hereby authorize and direct that my said trustees shall distribute to my said son and daughter the one-third part of the income of my estate which shall come into their hands," and that it be distributed "in such proportions and in such manner as my said wife shall authorize and direct by her said will," indicate that the disposition could not be exclusively to one, but that both son and daughter must be beneficiaries, though it need not be that they share equally.

The cardinal rule of construction commands the ascertainment of the testator's intent from the will as a whole—from a four-cornered consideration of it sometimes it is said. Brookhouse v. Pray, 92 Minn. 448, 100 N. W. 235; Johrden v. Pond, 126 Minn. 247, 148 N. W. 112; Barney v. May, 135 Minn. 299, 160 N. W. 790; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 10257, 10259. And it has been said that the construction of the will should not be approached with the mind fixed on canons of construction determinative of the mean-

ing. They are merely aids. In re Will of Bell, 147 Minn. 62, 179 N. W. 650. The words "and" and "or" may be substituted for one another to carry out the obvious intention. Dunbar v. Hammond, 234 Mass. 554, 125 N. E. 686; Poehlman v. Leinweber, 288 Ill. 58, 122 N. E. 834; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107; McClench v. Waldron, 204 Mass. 554, 91 N. E. 126; Clarke v. Andover, 207 Mass. 91, 92 N. E. 1013.

Counsel for Miss Turle cite Faloon v. Flannery, 74 Minn. 38, 39, 76 N. W. 954, 955. There the testator bequeathed the residue of his personal property to his wife with directions, referring to his children, "when they are of age, to divide my real estate * * . * between them to the best advantage, as she sees fit and proper." It was held that the widow could not exclude any of the children. In this case there is the specific power to exclude, by the use of the word "or," unless we say it is given the effect of "and" by reason of subsequent phrases inconsistent with it. The language following "or" which we have noted above, and which is set forth in full in paragraph six, does not show an intention of the testator that Mrs. Turle, under the power of appointment, might not make an exclusive beneficiary. The grant of authority permits a disposition in the alternative. The language following does not require that there be a joint gift.

Counsel for Walter Lovell Turle urge, as an additional support of the construction which they claim, that if the disposition by Mrs. Turle is given effect it will result in a quite equal distribution of the separate estates of the deceased Mr. and Mrs. Turle between their son and daughter. Such is the result. It is not of consequence. We are not construing Mrs. Turle's will, but that of her deceased husband; and most of all she cannot by her disposition under the power construe the trusts of her deceased husband's will.

Judgment affirmed.