The bill seeks the construction of the will of Helen O. Colton, who died on May 28th, 1931. The particular issue is the meaning of the words "personal effects" as used in the fifth clause of the will. Only the third, fifth and sixth clauses of the will need be now read, and they are as follows:
"Third: I devise to my husband, Frank Bliss Colton, the land and dwelling at northerly corner Hillyer and State Streets, East Orange, New Jersey, which he conveyed to me, and I bequeath to him (1) my cash in bank and also (2) one-half (1/2) of all my securities, bonds and stocks, at their market values and of his selection, he understanding my wishes as to his disposal of such one-half by his will.
"Fifth: I give to my husband, Frank Bliss Colton, all of my personal effects other than money and securities, and I request that, in the exercise of his discretion, he select from my said personal effects such articles of jewelry and silverware as, in his judgment, would suitably serve as tokens of remembrance, and that he make distribution of the articles so selected to and among such of my relatives and intimate friends as, in his judgment, would be likely to value the same as remembrances.
"Sixth: I give, devise and bequeath all of the rest residue and remainder of my estate, real and personal, to my said husband, Frank Bliss Colton, for and during the term of his natural life, and on his death, I give, devise and bequeath all of such rest, residue and remainder to my three (3) nephews, Benjamin Douglas Orton, Henry Boylan Orton and Raymond Orton, in equal shares."
The testatrix' husband is now dead and the complainant was duly appointed administrator of his estate. That estate is insolvent. The testatrix left personal property, other than money and securities, consisting of furniture, household goods, silverware and jewelry of an appraised value of $2,141, possession of which was taken by her husband after her decease. This personal property he used for his own purposes, disposing of some of it during his lifetime and at his death he had in his possession household effects and other personal property, much of which has not, however, been identified as that of *Page 440 
the testatrix, but which, pursuant to stipulation filed in this cause, is considered as identical with or in substitution thereof, of an appraised value of $750.95. All of the testatrix' jewelry was disposed of by her husband prior to his death. The important items of personal property now in controversy consist of silver ware.
No rule of universal application can be made for the interpretation of the words "personal effects" as used in wills.
The cardinal rule in the construction of wills to which all others must bend is that the intention of the testator as expressed in the will shall prevail. Pierson v. Jones,108 N.J. Eq. 453; affirmed, 111 N.J. Eq. 357; Trustees of PrincetonUniversity v. Wilson, 78 N.J. Eq. 1; Coffin v. Watson, Ibid.307; affirmed, 79 N.J. Eq. 643; Peer v. Jenkins, 102 N.J. Eq. 235; In re Vanatta, 99 N.J. Eq. 339; Supp v. Second NationalBank and Trust Co., 98 N.J. Eq. 242.
Particular words must always be considered with relation to their context.
In Barney v. May, 160 N.W. Rep. (Minn.) 790, the court aptly said:
"The word `effects' is a broad term. Used alone, it has been said to be synonymous with `wordly substance.' Hogan v.Jackson, Cowp. (Eng.) 299, 308; The Alpena (D.C.),7 Fed. Rep. 361. Used in conjunction with the words `goods, chattels,' it usually means all personal property (PlantersBank v. Sharp, 6 How. 301; 12 L.Ed. 447), and under some circumstances it has been held to include real estate as well.Adams v. Akerlund, 168 Ill. 632, 637; 48 N.E. Rep. 454. Used with some other words its meaning is much restricted; for example, when used in the expression `household furniture and effects' the word `effects' is limited to household goods.Gallagher v. McKeague, 125 Wis. 116; 103 N.W. Rep. 233;110 Am. St. Rep. 821; Rawlings v. Jennings, 13 Ves. 39, 44. The word `personal,' used with `effects' much restricts its meaning. In common understanding the expression `personal effects' without qualifying words, includes only such tangible property as attends the person, or, as *Page 441 
variously stated, `such tangible property as is worn or carried about the person' (Brandon v. Yeakle, 66 Ark. 377;50 S.W. Rep. 1004; Lippincott's Estate, 173 Pa. 368; 34 Atl. Rep. 58), or `goods and items of property having a more or less intimate relation to the person' (Standard Dictionary), or `personal luggage as distinguished from merchandise' (Murray's Oxford Dict.; United States v. One Trunk (D.C.),175 Fed. Rep. 1012, 1015). These are not narrow definitions. They indicate the commonly accepted meaning of the term."
A leading case touching the interpretation of the words "personal effects" as used in a testamentary writing is In reLippincott's Estate, 173 Pa. 368; 34 Atl. Rep. 58, in which the supreme court of Pennsylvania held that the general principle of interpretation that applies is that when `effects' is preceded by and connected with words of narrower import and the bequest is not residuary, it will be confined to the species of propertyejusdem generis with those previously described. Rawlings v.Jennings, 13 Ves. 39; Planters Bank v. Sharp, 6 How. 301;Ennis v. Smith, 14 How. 400.
That court further held that, giving effect to the collocation of the words "personal effects" in the will under consideration, it was clear that the words were confined to purely personal articles and did not embrace household furniture.
There seems to be no New Jersey case in which the words "personal effects" have been judicially interpreted, and the decisions of the courts of other states or other jurisdictions, while they may help, cannot be absolutely controlling unless the wills under consideration were in identical language. Each case is a law unto itself; the particular interpretation of the words must be controlled by their context and a reading of the whole will from its four corners.
Counsel for the complainant contends that in the application of the rule of construction of ejusdem generis, in the interpretation of the words "personal effects," only thepreceding words descriptive of the property can be considered. On the other hand, counsel for the defendants contends that not the preceding, but the succeeding, descriptive words in *Page 442 
the same clause are controlling. Neither contention is correct because this rule of construction is always subservient to that cardinal rule that the intention of the testator must prevail; and to adopt the contention of either counsel would preclude the court from a consideration of the will from its four corners, or of the words involved in relation to their complete context.
It will be noted that in the third clause of the will the testatrix leaves to her husband certain real estate, cash in bank and one-half "of all my securities, bonds and stocks." Under this clause only a portion of the personal estate passed.
Under the fifth clause testatrix gives to her husband "all of my personal effects other than money and securities." In the light of the third clause it would seem that it was the testatrix' intention by the fifth clause to dispose of all that remained of her personal property other than that disposed of by the third clause and other than a one-half interest in the securities, bonds and stocks. And this thought is emphasized by the fact that thereafter in the fifth clause she refers to articles of jewelry and silverware to be disposed of by the husband as suitable tokens of remembrance. Reference to the item of silverware is, it would seem, indicative of an intention to by this language dispose of something more than those purely personal items of jewelry, clothing, c., which "attend the person, or are worn or carried about the person."
Silverware would not pass under the strict interpretation of the words "personal effects" which confine them to "such tangible property as is worn or carried about the person;" and the use of the words "other than money and securities" in this clause, taken in connection with the use of the word "silverware," it seems to me inescapably points to the conclusion that the testatrix intended to include in the item "personal effects" all of the household goods and personal property here in controversy. The remaining "one-half of my securities, bonds and stocks" is disposed of by the sixth, or the residuary clause of the will.
It is argued that as only the portion of her estate comprised in "one-half of my securities, bonds and stocks" was *Page 443 
left undisposed of by that portion of the will preceding the residuary clause, if the words "personal effects" are to be construed as including "household goods, silverware," c., then there would have been no necessity for a residuary clause in this will, and that the remaining one-half of the securities, bonds and stocks could have been disposed of by a clause specifically devising that interest. The fallacy of this argument is indicated by the fact that the residuary clause also disposes of "all the rest, residue and remainder of my estate, real and personal" and there is no evidence indicating any real estate owned by the testatrix which had not already been disposed of by previous provisions of her will.
I will advise a decree accordingly.