IRENE J. GASTON *vs.* PETER GASTON & another.

Norfolk.   December 6, 1946. — January 8, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Devise and Legacy*, "Personal effects."   *Words*, "Personal effects."

In their context, the words "personal effects" in a provision of a will giving to the testatrix's sister a "right to select for herself any of my personal effects" were not the equivalent of the words "personal property" and gave the sister the right to select only certain articles of tangible personal property that in their use or intended use had some intimate connection with the person of the testatrix, but not bank deposits nor coöperative bank shares owned by her.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on September 14, 1945.

The case was heard by *Reynolds*, J.

*F. W. Ziniti*, for the petitioner, submitted a brief.

*D. K. Mackay*, for the respondents.

LUMMUS, J.   This petition requires a determination of the extent of the rights given to the petitioner and appellant, Irene J. Gaston, by the will of her sister Bessie L. Gaston.   Peter Gaston is a respondent as the executor of and the residuary legatee under her will.

After a number of pecuniary legacies and one specific devise, the will gives to the petitioner "the right to select for herself any of my personal effects and household furnishings and effects which I received from either of my parents."

The first question that suggests itself is whether the words quoted should be read as though a comma were inserted after "personal effects," or as though it were inserted

after "household furnishings." The court below adopted — rightly, we think — the former reading, and the appellant petitioner does not argue against it. She concedes that the word "household" modifies and limits both the word "furnishings" and the word "effects" as applied to property received from the parents of the testatrix, with the result that that phrase does not give to the petitioner any right to select bank deposits or coöperative bank shares even though derived from the parents, because they are not "household" furnishings or effects. *Gallagher* v. *McKeague,* 125 Wis. 116. *In re Patterson's Estate,* 69 S. D. 374, 149 Am. L. R. 965, and note.

But under the first phrase of the gift, by which the petitioner was given a right to select "any of my personal effects," the petitioner claims not only all the furniture owned by the testatrix but also bank deposits and coöperative bank shares owned by her. The petitioner contends that the expression "personal effects" is the equivalent of "personal property" and covers all personalty as distinguished from realty. Doubtless the words are capable of such a broad meaning. Note, 80 Am. L. R. 941–945. *Gallagher* v. *McKeague,* 125 Wis. 116. See also *Corcoran* v. *Gage,* 289 Mass. 111; *Titus* v. *Terkelsen,* 302 Mass. 84. But a broad word is often narrowed in its meaning by the rule noscitur a sociis, or by some other indication of a restricted intent. *Dole* v. *Johnson,* 3 Allen, 364. *Browne* v. *Cogswell,* 5 Allen, 556. *Woodcock* v. *Woodcock,* 152 Mass. 353. *Old Colony Trust Co.* v. *Hale,* 302 Mass. 68, 120 Am. L. R. 1207. *First National Bank* v. *Rothwell,* 305 Mass. 116, 122. *Beals* v. *Magenis,* 307 Mass. 547, 552. The adjective "personal" would be unnecessary and useless if it did not restrict the meaning of "effects," which standing alone would have covered all personalty. There was no realty, although a specific devise of "all my right, title and interest" in a certain house appears in the will. Moreover, the construction of the words "personal effects" contended for by the petitioner would make inoperative all that follows those words.

We think that the words "personal effects" were intended

to cover only those articles of tangible personal property that in their use or intended use had some intimate connection with the person of the testatrix. *Johnson* v. *Goss,* 128 Mass. 433, 434. *Estate of Sorensen,* 46 Cal. App. (2d) 35. *Estate of Douglass,* 70 Cal. App. (2d) 279. *Mathis* v. *Causey,* 172 Ga. 868, 75 Am. L. R. 111, and note. *Barney* v. *May,* 135 Minn. 299. *In re Benson's Estate,* 110 Mont. 25. *Child* v. *Orton,* 119 N. J. Eq. 438. *Quick* v. *Owens,* 198 S. C. 29, 137 Am. L. R. 201.

The decree below was in accordance with these principles, and is

*Affirmed.*