27 N.J. Super. 345 (1953)
99 A.2d 374
IN THE MATTER OF THE ESTATE OF BERNARD R. ARMOUR, DECEASED.
Superior Court of New Jersey, Chancery Division.
Decided September 11, 1953.
*346 Messrs. Carpenter, Gilmour & Dwyer, attorneys for executors.
Messrs. Toner, Crowley & Ackerman, attorneys for George L. Armour, individually.
Mr. Maurice E. Gold, substituted guardian ad litem, etc.
Mr. Leo S. Sullivan, guardian ad litem.
GRIMSHAW, J.S.C.
The executors of the estate of Bernard R. Armour seek a construction of the will of the deceased to determine whether a stamp collection valued at $54,135 passed under the provisions of Articles 2, 3 or 7 of the will. No specific bequest of the stamp collection was made.
Ruth Armour, a daughter, claims the stamp collection by virtue of the provisions of Article Second of the will. That article is as follows:
"Second: I give and devise all paintings, pictures, marbles, statuary and objects of art, plate and silver plated ware, linen, china, glass, household furniture and fixtures, useful and ornamental, belonging to me at the time of my death, to my daughter, Ruth, to be hers absolutely."
*347 George L. Armour, the testator's brother, claims the stamp collection under the provision of the Third Article, which is as follows:
"Third: I give and bequeath all of my jewelry and personal effects to my brother, George L. Armour."
The guardian ad litem of the minor children argues that the stamp collection should be included in the residuary estate.
I consider the claim of Ruth Armour to be without merit. The personal property bequeathed to her in Article Second of the will was described in detail. The descriptive words used must be given their usual and popular meaning. Woodruff v. White, 78 N.J. Eq. 410 (Ch. 1911), affirmed 79 N.J. Eq. 225 (E. & A. 1911). The description of the personal property bequeathed to Ruth Armour does not fit the stamp collection.
George L. Armour takes the position that the stamp collection was part of the testator's personal effects and passed to him under Article Third of the will. With that contention I cannot agree.
"In common understanding the expression `personal effects' without qualifying words, includes only such tangible property as attends the person, or, as variously stated, `such tangible property as is worn or carried about the person.'" Child v. Orton, 119 N.J. Eq. 438 (Ch. 1936).
An examination of the entire will of Mr. Armour leads to the conclusion that in using the words "personal effects" the testator intended them to have the common accepted meaning. And this conclusion is strengthened when it is considered that the phrase was used in conjunction with the word "jewelry." By the third Article of the will Mr. George L. Armour was bequeathed "such tangible property as is worn or carried about the person." Obviously such a bequest would not and did not include the stamp collection.
Being of the belief that the collection did not pass to Ruth Armour under the second Article of the will or to *348 George L. Armour, under the third Article of the will, I am of the opinion that the stamp collection must be considered a part of the residuary estate and administered together with the balance of the residue in accordance with the terms of paragraph 7 of the will.
Judgment accordingly.