*Southern Division*

### CHARLES F. SWAN
v.
### AMERICAN CASUALTY CO.

*Present*: Nash, P. J., Cox & Callan, JJ.

Case tried to *Lee, J.* in the Second District Court of Plymouth. No. 31047

Argued: ————— Decided: —————

*Cox, J.* This is an action of contract to recover the value of a box containing airplane mechanic's tools lost in transit and which the plaintiff claims were covered by a policy of insurance issued to him by the defendant.

The questions presented for our determination are [a] whether the tools were insured by the policy against loss and, if they were, [b] whether the plaintiff filed a timely sworn proof of loss as required by the policy.

There was a finding for the plaintiff.

The case was reported because the defendant claims to be aggrieved by the denial of certain of its requests for rulings of law. The essence of the defendant's requests, which the judge denied and which relate to the decisive question, is that the tools were not covered by the policy.

The policy under consideration was purchased by the plaintiff on September 5, 1960 at the same time he purchased a bus ticket at Peru, Indiana, for his return to Boston via Detroit. It could have been found that the tools belonged to the plaintiff and were lost en route to Boston during the four days the policy was in effect. In addition to the box of tools, the plaintiff had with him three pieces of luggage which arrived at his destination.

The policy insured the plaintiff against *"loss or damage to personal effects and baggage"* to the extent of $800. The decisive question is whether the box of tools falls within the category of *"personal effects and baggage"* which the policy insured.

In our opinion the tools were not included within the coverage.

In *Collins v. B & M RR,* 10 Cush. 506, a passenger of the defendant railroad experienced a loss of 38 pieces of women's kid shoes, 60 pairs of stock for boys' shoes and two papers of shoe nails. The issue was whether those items came within the definition of "baggage" for which the defendant railroad was liable. The court posed the question and answered it as follows: "What is baggage? That question has been frequently before the courts of this and other states, and is settled for this commonwealth in the recent case of *Jordan v. Fall River RR,* 5 Cush. 69. (1849). It is there held that baggage includes such articles as are of necessity or convenience for personal use, and such as is usual for persons travelling to take with them." The terms mentioned were held not to be embraced within the description of "baggage" but were articles of trade and business, in every sense "articles of merchandise, and not for his (plaintiff's) personal use." The case of *Jordan v. Fall River RR,* presented the question whether gold pieces stolen from the plaintiff's trunk were "baggage" for which the carrier was liable. It was held that "money *bona fide* taken for travelling expenses and personal use may properly be regarded as forming a part of a traveller's baggage." The case cited other instances where it had been held that a book, a gun, fishing tackle, a lady's trunk containing apparel and jewels, a watch, and reasonable

travelling expense money were baggage and other instances where it had been held that merchandise, a trunk of silk goods, samples used for effecting sales of goods and large sums of money, were held not to be baggage. Those authorities serve to illustrate the personal nature of baggage, a purpose clearly evident in the policy under consideration which covers personal effects and baggage. The word "personal" restricts the word "effects" in the policy coverage and insures only those items which "in their use or intended use had some intimate connection with the person" of the plaintiff. *Gaston v. Gaston,* 320 Mass. 627. *Johnson v. Goss,* 128 Mass. 433, 434. The box of mechanic's tools does not, in our judgment, come within that category.

There was evidence that when he bought the policy the plaintiff informed the defendant's agent that he wished to have the box of tools insured. The plaintiff is not aided by such evidence. The policy is explicit as to the property insured, namely, personal effects and baggage.

Parol evidence was, therefore, not admissible to show a mistake and an intention to insure property other than that described in the policy. *Holmes & others v. Charlestown Mut. F. Ins. Co.,* 10 Met. 211; *Barrett v. Union Mut. Ins. Co.,* 7 Cush. 175; *Lee v. Howard F. Ins. Co.,* 1 Gray 583; *Jenkins v. Quincy Mut. F. Ins. Co.,* 5 Gray 370.

■ Even though admitted without objection such parol evidence cannot be used for the purpose of varying the clear and unequivocal provisions of the policy. *Maybury Shoe Co. v. Izenstatt,* 320 Mass. 397, 403.

As we conclude on the strength of the foregoing authorities that the box of tools was not insured by the policy under consideration, it becomes unnecessary to pass on the issue of proof of loss. The defendant should have judgment.

Sturtevant & Sturtevant, of Whitman, for the Plaintiff.

Norman M. Goldberg, of Boston, for the Defendant.