## Dox's Estate.

*Will—Legacies—Wearing apparel—Jewelry.*

Where a testatrix by her will distributes various articles of personal property and her wearing apparel among friends and gives the residue of her estate to her next of kin, the words "wearing apparel" will not be construed to include jewelry.

Argued Jan. 12, 1906. Appeal, No. 46, Jan. T., 1906, by Elizabeth Frantz, Lizzie A. Frantz and Sarah A. DeRemer, from decree of O. C. Lackawanna Co., No. 55, of 1904, dismissing petition for order on executor in Estate of Mary A. Dox. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Petition of Elizabeth Frantz, Lizzie A. Frantz, and Sarah A. DeRemer, for an order on the executor to deliver to them certain articles of jewelry. Before SANDO, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.

*Error assigned* was the decree of the court.

394 DOX'S ESTATE.

Statement of. Facts—Opinion of the Court. [30 Pa. Superior Ct.

*S. B. Price*, for appellant.—The words "wearing apparel" include jewelry: In re Turnbull, 5 Am. B. R. 231; In re Jones, 3 Am. B. R. 259; In re Henry, 14 Am. B. R. 362; In re Smith, 96 Fed. Repr. 832; In re Caswell, 6 Am. B. R. 718; Sellers v. Bell, 2 Am. B. R. 529; Gooch v. Gooch, 33 Me. 535; Sawyer v. Sawyer, 28 Vt. 249; Frazier v. Barnum, 19 N. J. Eq. 316.

*M. J. Martin*, for appellee.—Wearing apparel does not mean jewelry: Gooch v. Gooch, 33 Me. 535; Sawyer v. Sawyer, 28 Vt. 249; Astor v. Merritt, 111 U. S. 202 (4. Sup. Ct. Repr. 413); Towns v. Pratt, 33 N. H. 345; Frazier v. Barnum, 19 N. J. Eq. 316; In re Kasson, 14 Fed. Cases, 7616; In re Ludlow, 1 N. Y. Leg. Observer, 322; Fox's App., 99 Pa. Pa. 382; Bender v. Dietrick, 7 W. & S. 284.

OPINION BY ORLADY, J., March 12, 1906:

By the terms of the will of Mary A. Dox sixteen beneficiaries received pecuniary legacies; one, a picture; one, a sideboard; and one, plain furniture for two sleeping rooms to be selected by her executor. The eighth item of her will is as follows: "I give and bequeath to Mrs. Elizabeth Frantz and her daughters my wearing apparel." Under this clause the appellants claimed " One diamond ring, one watch and chain, one diamond bar brooch, one pearl and gold cross brooch," in addition to certain clothing which the executor delivered to them, their contention being that the articles named are included within the general term " my wearing apparel."

Cases might be cited which would justify us in holding that the articles named could, with propriety, be included in the term, "wearing apparel," in case the claim had been made under exemption or tariff laws, or of a passenger whose baggage had been lost or injured by a common carrier, though even in such claims there is a marked discordance in the decisions. See Astor v. Merritt, 111 U. S. 202 (4 Sup. Ct. Repr. 413); Arnold v. U. S., 147 U. S. 494 (13 Sup. Ct. Repr. 406); Gooch v. Gooch, 33 Me. 535; Sawyer v. Sawyer, 28 Vt. 249; Towns v. Pratt, 33 N. H. 345; Frazier v. Barnum, 19 N. J. Eq. 316; In re Kasson, 14 Fed. Cases, 7616; In re Ludlow, 15

Fed. Cases, 8599 ; Kast v. Phila. & Reading Ry. Co., 28 Pa. Superior Ct. 107.

However, in the case before us, we are to interpret the intention of the testatrix as gathered from her written declaration. It is more in accord with the usual and ordinary meaning given to the words " wearing apparel," to hold that she intended that her personal clothing, garments worn, or made for her own use, her dress in general, should pass by this devise, rather than the special and technical meaning suggested by the courts in the construction of statutes and contracts. The beneficiaries were Mrs. Frantz and her daughters, and the record disclosed that they were neither heirs, nor next of kin of the testatrix. Further, it is evident that the whole of this kind of property, wearing apparel, was intended to pass to them, and by the most favorable decisions some of the articles, notably the diamond ring and the watch and chain, would be excluded from the bequest. This view is aided by the other bequests of particular items, viz. : a picture, a sideboard and the furniture for the two sleeping rooms. Had she intended to devise to these petitioners jewelry, not necessarily used with clothing, she would doubtless have so specified it. The residuary legatees are of her next of kin, and are given the rest, residue and remainder of her estate of whatsoever nature and wheresoever situate, and were intended to have everything not theretofore specifically devised.

Such articles as are involved in this controversy, without a more special description, or when the doubt as to her intention is so grave, would naturally be included in the latter bequest rather than in the one limited by the uncertain words, wearing apparel, under which the petitioners claim.

The decree of the orphans' court is affirmed.