### In re GEMMELL.

(District Court, W. D. Pennsylvania. August 2, 1907.)

No. 3,204.

BANKRUPTCY—EXEMPTIONS—WEARING APPAREL.

A diamond ring, worth several hundred dollars, and worn by a bankrupt himself, is not exempt under a state statute as "wearing apparel."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 659.]

In Bankruptcy. On exceptions to report of referee.

J. H. Longenecker, for trustee.
R. C. Haderman, for bankrupt.

EWING, District Judge. On January 9, 1907, the trustee of the estate of said bankrupt presented his petition to the court, praying for an attachment of said bankrupt for his neglect and refusal, after notice by the trustee, to surrender a diamond ring alleged to belong to his estate; and thereupon the petition was referred to S. R. Longenecker to take testimony and make report, with the form of decree he recommended.

From the report of the referee, who recommends that an attachment issue against the said bankrupt, and from the testimony taken on the hearing had before him, it appears that at the time the petition in bankruptcy was filed and subsequent thereto the bankrupt was the owner of a diamond ring, the value of which was variously estimated at from $400 to $1,000, which ring he did not include in his schedules, but which at the time of his examination before the referee he agreed to deliver up in case it was not exempt under the wearing apparel provision of the exemption law of this state. The bankrupt filed exceptions to the referee's finding and the decree he recommends, and the whole contest here is as to whether or not said ring is properly included within the provisions of the exemption law of Pennsylvania of 1849 as wearing apparel.

This ring was worn and owned by the bankrupt himself, not by his wife, nor any other member of his family; and, if there be anything about a gentleman's attire more unnecessary and less worthy to be included within the phrase "wearing apparel" than a diamond ring, I do not know what it can be. Watches of moderate value have been held to be included among "wearing apparel," and in one instance even a diamond stud of the value of $250, but that only after it had been conclusively shown that the owner had worn it for a number of years to fasten his shirt bosom together and apparently had nothing to take its place. The financial condition of this bankrupt for a considerable time prior to this proceeding was not such as to warrant him in indulging in such extravagances.

He made no claim for exemption, "except petitioner's personal effects, wearing apparel, and such items belonging to the person as are exempt by the laws of the state of Pennsylvania, relating either to himself or members of his family." Pursuant to this claim no list of exempt property was ever made or requested, and no enumeration thereof asked, by the bankrupt. It might be, if this were an heirloom or a ring of comparatively little value, that it would be allowed as "wearing apparel"; but to permit persons in straitened financial circumstances to invest large sums of money in articles of value only for mere personal adornment at the expense of their creditors would be rank injustice. The bankrupt himself values this ring at from $750 upwards, and states that on several occasions he had made presents to his wife of diamonds for which he had paid from $100 to $200 at a time, and yet his creditors have been during all this time deprived of payment largely because of such expenditures by him. In Dox's Appeal, 30 Pa. Super. Ct. 393, it was decided that a diamond ring could

not properly be classed as wearing apparel under a bequest in a will, and, if not wearing apparel under these circumstances, I do not think a ring of this value could properly be classed as wearing apparel under the exemption law.

The exceptions to the report of the referee are therefore overruled and dismissed, and it is now directed that the bankrupt deliver up to the trustee, within 10 days after notice of this order, the said diamond ring, or pay him the fair value thereof.