# IN THE MATTER OF THE ESTATE OF MARY WENTWORTH DEERING, DECEASED.

## No. 1738.

ARGUED OCTOBER 20, 1927.    DECIDED NOVEMBER 3, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

Since the original submission in the above entitled matter reported in 29 Haw. 854, the agreed statement of facts therein referred to has been amended to show "that the testatrix, Mary Wentworth Deering, died possessed of articles of jewelry in addition to those articles of jewelry specifically bequeathed by her will and in excess of what will be necessary to permit the executors to comply with the direction of the testatrix to give each of the certain persons named in the will one article of jewelry selected by the executors thereof; that the said Thomas V. King claims that such (articles of) excess

jewelry are 'personal effects' as that term is used in the quoted excerpt from the will contained in paragraph I of the agreed statement of facts and are subject to distribution by the executors in their discretion to the friends of the testatrix, but on the other hand, Guy H. Buttolph and the Bishop Trust Company, Limited, trustees, claim that such (articles of) jewelry are not 'personal effects' as that term is employed in the quoted excerpt from the will referred to and are not distributable by the executors at their discretion to the friends of the testatrix, but on the contrary are a part of the residuary estate of the testatrix subject to the residuary clause of her will and distributable to the trustees as residuary legatees thereunder."

In section 8 of the amended statement of facts agreed upon for the present submission is set forth the appraised values singly of the articles of jewelry specifically bequeathed, showing eighteen items ranging in value from $5500 to $10 and aggregating in value $23,590. The valuation of each of eight of said articles is expressed in terms of four figures and each of eight more in terms of three figures and each of the remaining two in terms of two figures. The same section further shows that "the aggregate appraised value of the jewelry remaining after the disposition of the specific bequests is $56,280.50." These remaining articles are subject to gift, by selection of the executors, of one to each of seventeen persons named in the will. The submission shows that of the articles so remaining fourteen are each of the appraised value of $1000 or more, the valuation of each of said last named fourteen articles ranging from $1000 to $4250, and that there are many articles of jewelry left of a value of less than $1000 each.

The present submission asks the opinion and judgment of this court "whether articles of jewelry, in addi-

tion to specific bequests of jewelry and in excess of what is necessary for the executors to comply with the direction of the testatrix to give to each of certain persons named some one article of jewelry, are 'personal effects' within the meaning of that term as it is employed by the testatrix in the quoted excerpt from the will contained in paragraph I of the agreed statement of facts and as such distributable by the executors at their discretion to the friends of the testatrix, or whether said articles of jewelry are not 'personal effects' as that term is used by the testatrix aforesaid, but are part of the residuary estate of the testatrix and subject to the residuary clause of her will and as such distributable to the residuary legatees under the terms thereof."

The clause of the will requiring interpretation is the same one quoted at length at the top of page 856 of the earlier opinion, and later in this opinion quoted and referred to, for convenience, as clause number four. As in the earlier case, the submission requires us to find from the language of the will itself the intention of the testatrix as to the distribution of the property in question and for this purpose the entire will is required to be examined and each part interpreted with reference to the whole.

The words "personal effects", when not qualified by other words or when a contrary intent is not shown by the language of the will, generally include such tangible property as is worn or carried about the person. See 6 Words & Phrases, 1st Ser. p. 5338, citing *Brandon* v. *Yeakle,* 50 S. W. 1004-1005, 66 Ark. 377. In the instant case, if the words last above quoted were not coupled with words of a narrower import or were not used by the testatrix in other parts of her will with reference to the same subject, in a different sense, which by implication excludes the meaning now sought to be put upon

them by Thomas V. King, executor, they might well be held to include jewelry as well as certain other property otherwise excluded. We have examined the different clauses of the will in which the terms "jewelry" and "personal effects" are used in order to ascertain what each meant to the testatrix, whether or not each presented to the testatrix a definite and uniform meaning throughout the instrument and whether or not the testatrix intended the latter term to include the former; and we have then examined the particular clause requiring interpretation to determine whether or not it bears internal evidence of an intention on the part of the testatrix to give to the term "personal effects" as there employed a meaning different from that given to the same term elsewhere in the will, and furthermore, we have considered whether or not, in the last named clause, the use of the general description "personal effects" is so coupled with an enumeration as to limit the meaning of the general description.

First let us see how the testatrix herself employs the term "jewelry and personal effects." In the second disposition of her will she uses as words of classification the terms "jewelry and personal effects" twice, the term "jewelry" alone once, and the term "personal effects" alone once. The clauses referred to are herein for convenience numbered 1, 2, 3 and 4 respectively, and are so designated hereafter throughout this opinion. These clauses may be summarized as follows:

1. "I give and bequeath to the persons below named the following articles of jewelry and personal effects." Then follows a bequest of "all of my table silver, flat and all other pieces of silverware, including my silver service and toilet articles. Also one pair of long diamond earrings and one ring—large diamond with smaller diamonds, in platinum."

2. "Also the following articles of jewelry and personal effects belonging to my mother," followed by a bequest of several articles of jewelry and the crayon portrait of testatrix' mother.

3. "To each of the following persons some one article of jewelry selected by my executors," followed by the names of seventeen beneficiaries.

4. "I give and bequeath all other of my personal effects, including books pictures, household linen, china glass and wearing apparel not herein otherwise mentioned or bequeathed specifically, to my executors, requesting them to distribute the same at their discretion to my friends."

Clause herein numbered 4 is the one now submitted for interpretation. It is noted that in the foregoing clauses numbered 1 and 2, which purport to contain bequests of "jewelry and personal effects," are listed or described articles of (a) jewelry and (b) other personal property; that in clause 3, which purports to be a bequest of jewelry, no property other than jewelry is mentioned; and that in clause 4 the bequest of all other personal effects by specification includes household linen, china, glass and wearing apparel, but does not include any specific reference to articles of jewelry. It is clear from the foregoing recital that the testatrix understood table silver, flat and all other pieces of silverware, silver service, toilet articles, the crayon portrait of testatrix' mother, books, pictures, household linen, china, glass and wearing apparel to be personal effects. Many of the foregoing articles are ordinarily classified as household goods or furniture. See *Estate of Deering, supra.* Few of them are such articles of tangible property as are worn or carried about the person. Therefore the testatrix could not have had the latter definition in mind when she made use of the term "personal effects."

Nothing in the wording of the foregoing bequests, nor in the language of any other clause of the will, justifies a conclusion that the testatrix' classification of her property in the clauses hereinabove compared was fortuitous or that the term "jewelry" was not purposely omitted in the clause under interpretation, as appears to have been the case with reference to "personal effects" in the preceding clause which we have numbered 3. As was more directly stated on page 20 of the reply brief of Thomas V. King upon the first submission of this matter at a time when the classification of excess jewelry was not the subject under consideration: "Her will demonstrates that in her mind jewelry and personal effects were two different things. She says in the second paragraph of her will: 'Second: I give and bequeath to the persons below named the following articles of jewelry and personal effects,' and 'also the following articles of jewelry and personal effects belonging to my mother.' Why did the testatrix say jewelry and personal effects if the term 'personal effects' included jewelry?"

In clause 4 is set forth specifically what kinds of property the testatrix intended to be included within the term "personal effects" as therein used. That the enumeration which follows and which is coupled with the above quoted words of general description was intended to restrict rather than to enlarge the meaning of the generic term was held by us upon the former submission. It was then held that automobiles, rugs and other articles in the former opinion enumerated, being neither expressly bequeathed in the clause under consideration nor *ejusdem generis* as the articles therein bequeathed or elsewhere in said will given or referred to as "personal effects", were without the purview of said bequest. In the instant case jewelry is not expressly bequeathed in the clause under consideration. It is true that wearing

apparel is expressly bequeathed, but the term " 'wearing apparel' is ordinarily given its common meaning and has been held not to include jewelry." 40 Cyc. 1548; *Dox's Estate,* 30 Pa. Super. Ct. 393; *In Re Everleth,* 129 Fed. 620; *In Re Gemmell,* 155 Fed. 551. Other courts have recognized exceptions to the foregoing rule, but such exceptions are not applicable to the terms of the present submission. The *ejusdem generis* rule is a rule of construction only, invoked usually in will cases as an aid in determining the intent of the testatrix. "Testatrix' intent, if reasonably clear, is controlling regardless of rules of construction." *Sedlaczek* v. *Dreuzy,* 221 N. Y. S. 625. In the instant case testatrix' intent to draw a distinction between jewelry and personal effects is clear as is above demonstrated.

Counsel for Thomas V. King, executor, have cited *In Re Lippincott's Estate,* 173 Pa. 368, 34 Atl. 58, as authority for the proposition that resort may be had to other clauses of testatrix' will to ascertain her intent as to the meaning to be attached to the words "all *other* of my personal effects * * * not herein *otherwise* mentioned or bequeathed specifically," and that the inclusion of jewelry in said other clauses is indicative of testatrix' intention to include it under "personal effects" in clause 4. The rule that resort may be had to other clauses of the will, under the circumstances set forth in an early part of this opinion, as an aid to interpretation, has been recognized in the former opinion above referred to and is recognized now; and the *Lippincott* case sustains this view. But the *Lippincott* case in other respects for which it is cited as above set forth may be easily distinguished from the case at bar in this, that whereas the clause under consideration in the instant case omits all reference to "jewelry" and expressly mentions a list of other articles to be included in the bequest of "personal effects",

in the *Lippincott* case the clause interpreted expressly bequeaths "all my *jewelry,* wearing apparel and personal effects, except such of the same as are herein otherwise disposed of." (The italics are ours.) In the case last above cited it was clearly necessary to examine other clauses of the will in order to determine what remaining articles of jewelry were bequeathed under the clause last above quoted. The case is not authority for the proposition that the inclusion of jewelry in other clauses of the will in the instant case is determinative of the intention of the testatrix to include it in clause 4.

The interpretation herein adopted as to property not included in clause 4 leaves no partial intestacy as to such property. The will in the instant case contains a clause devising and bequeathing testatrix' residuary estate, both real and personal, in trust to two trustees therein named and their successors and assigns, with certain powers—"the remainder to be devoted to the Leahi Home of Honolulu to construct buildings or endow beds, or to do both, as my trustees think best. Tubercular children to have the preference, supplementing the work for children now being done by the shrine," the said trustees being given the power, among other things, to sell property of the trust estate to accomplish the above named purposes.

The articles of testatrix' jewelry not disposed of in clauses which we have referred to as numbers 1, 2 and 3, therefore go to the residuary legatees under the clause last above quoted; and the will furnishes internal proof that it was the intention of the testatrix that such articles should be so disposed of. The testatrix has first designated certain named relatives and friends to receive certain specified articles of jewelry and other property. She has then designated seventeen persons by name each to receive some one article of jewelry to be selected by her executors. She has then bequeathed to her executors

certain so-called "personal effects" not otherwise disposed of, for distribution among unnamed friends—the designation of the friends and the apportionment of their gifts from the property so bequeathed, to be at the discretion of the executors. Then, after certain other bequests, follow the trust provision and the residuary clause disposing of the bulk of testatrix' property for the benefit of the Leahi Home. The Leahi Home, as set forth in the former opinion, was the special object of testatrix' bounty. Subject to the discretion of the executors, many of the articles of excess jewelry may be of far greater value than that of many articles of jewelry specifically bequeathed—where both gift and beneficiary were selected by the testatrix herself. In deciding between the Leahi Home and the unnamed friends of testatrix as the intended recipients of her excess jewelry a rule quoted with approval in the opinion on the former submission of this case is applicable to the following extent: "In the interpretation of a will the dominant or primary intention, gathered from the whole thereof and all its provisions, must be allowed to control. * * * Accordingly in interpreting wills favor will be accorded to those beneficiaries who appear to be the special objects of the testator's bounty." 28 R. C. L. 219, n. 10.

In our opinion, the excess articles of jewelry referred to in the submission are not "personal effects" within the meaning of that term as it is employed by the testatrix in the quoted excerpt from her will hereinabove designated clause number 4, and are not as such distributable by the executors at their discretion to the friends of the testatrix. We are further of the opinion that said excess articles of jewelry are part of the residuary estate of the testatrix and subject to the residuary clause of her will

and as such are distributable to the residuary legatees under the terms thereof.

Judgment in conformity with the foregoing opinion will be signed upon presentation.

*J. V. Hodgson* (*Peters & O'Brien* with him on the briefs) for T. V. King.

*B. S. Ulrich* (*Ulrich & Hite* on the brief) for G. S. Buttolph and Bishop Trust Company, Limited.