JOHN W. WEBSTER, TRUSTEE, *vs.* OLIVER WELTON AND OTHERS.

A testator gave property in trust, to be paid over at a time fixed as follows: " To my grandchildren, children of my son *N,* or to such of them as shall be living, to be equally divided between them." *N* had then four children, but a fifth was born before the time fixed for the distribution of the trust property. Held that the children of *N* took as a class, and that the after-born child was entitled to share with the others.

An earlier clause of the will gave $5,000 each " to my grandchildren, *O, A, W* and *E,* children of my son *N.*" Held not to be a sufficient reason for giving a construction to the later clause above mentioned, limiting its application to the four children of *N* living at the testator's death.

[Argued June 4th—decided June 26th, 1885.]

SUIT for advice as to the construction of a will; brought to the Superior Court. Facts found and case reserved for advice. The case is fully stated in the opinion.

*J. W. Webster,* for the plaintiff, and for Maud A. Welton, one of the defendants.

*L. B. Morris,* for Oliver Welton, Walter S. Welton, Andrew N. Welton and Esther L. Butler.

STODDARD, J. Maud A. Welton, a child of Noah B. Welton, and grandchild of the testator Arad W. Welton, claims as legatee under the 'ninth clause of her grandfather's will. This claim is contested by all the other children of Noah B. Welton.

By his will the testator, after making certain bequests, creates a trust, embracing the residuary estate, and in the ninth clause of the will he provides as follows:—" On the first day of July, 1885, or as soon after that time as is practicable, I order and direct my said trustees to divide and pay over the principal sum of said trust fund in manner and portions as follows, * * * * and to my grandchildren, children of my said son Noah B. Welton, or to such of them as shall at that time be living, and to be equally divided between them, one fifth part."

The will was made March 15th, 1870, and the testator died March 15th, 1871.

At the time the will was made Noah B. Welton was married and had the four children, and no other, who are named in the fifth clause of the will, and who are contesting the claim of Maud.

About the 8th day of January, 1878, the wife of Noah B. Welton was divorced from him, and he married again about January 22d, 1879, and of this second wife Maud A. was born December 19th, 1879.

The testator gives the legacy in question to a class, that is, to his grandchildren, children of his son Noah B. Welton. Under a similar provision this court has very recently held that children born after the death of the testator take equally with children living at his death. *Jones's Appeal from Probate*, 48 Conn., 67. This rule has " nearly universal application, with hardly a dissenting authority," and controls the case at bar, unless a different disposing intent can be discovered in other parts of the will. And in this behalf it is urged on the part of the children living at the testator's death, that the testator has, by the terms of his will, expressed an intent that this nearly universal rule shall not govern the disposition of this legacy, for the fifth section of the will gives a legacy to each of the four children living at the testator's death in terms as follows:—" I give and bequeath to my grandchildren Oliver, Andrew, Walter and Esther, children of my son Noah B. Welton, five thousand dollars each ;" and the argument is, that as the testator in the fifth clause of the will gives specific legacies to these particular persons by their individual names, and in connection with such gift describes them as " my grandchildren, children of my son Noah B. Welton," therefore the ninth clause of the will, which contains the same words of general or class description, " grandchildren, children of my son Noah B. Welton," must receive the same restricted construction as to the persons taking thereunder, notwithstanding the omission to individualize therein. This course of reasoning is not persuasive, and there are at least two substantial considerations antagonistic

to this view.   One is, that it is not lightly to be assumed that the testator intended to disinherit one grandchild while making all others, members of the same class, recipients of his bounty.   Another reason is to be drawn from the form of the will itself.   The will is drawn with technical nicety, disposes of a considerable estate by a variety of trust and other provisions, and provides for possible contingencies, indicating both care and capacity to express the precise intent of the testator in apt and full terms.   Language thus used should have its natural and legal meaning; and the very fact that the testator uses in different clauses of this will different phraseology to express his intent, prompts the belief that such use was intentional, and made in order to produce different results in view of future possibilities.

Besides, the fifth clause does not contain a class gift; the legacies therein are personal; separate legacies to particular persons.   While the legacy in the ninth clause is by its terms a class gift, the testator was obviously certain as to what particular persons would take under the fifth clause, and uncertain under the ninth clause, and expressed himself accordingly.   This view is not weakened by suggesting that the testator contemplated the possible death of some of the living grandchildren, for he might with equal reason have contemplated the birth of others, and there is nothing in the general scope of the will, nor in any particular clause or combination of clauses, to indicate an intent to exclude any of his grandchildren, children of his son Noah, from the benefits of this legacy.

We see nothing to take this case from the operation of the general rule, and advise the Superior Court that Maud A. Welton takes under the ninth clause of the will equally with each of the other children of Noah B. Welton.

In this opinion the other judges concurred.