## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## ROBERTS V. SCYPHERS, ET ALS.

September 16, 1920.

1. WILLS—*Construction—Intent of Testator.*—Each will is in large measure a law unto itself. If the intention of the testator can be fairly gathered from the language of his will, and the devise or bequest is not forbidden by law, no rule of law will control that intention. The intention of the testor, when adequately expressed in his will, overrides all other rules of interpretation.

2. WILLS—*Remainders—Devise to One and at His Death to His Children—After-Born Children—Case at Bar.*—In the instant case a devise was to the testatrix's nephew "during his natural life, and at his death to go to his children equally." The devise was to a class, and to all of that class equally. The nephew and his second wife lived with testatrix, who stood *in loco parentis* towards him, and testatrix knew when she made her will that other children would probably be born. The nephew had children by his first wife, born before the death of the testatrix, and children by his second wife, born after the death of testatrix.

    *Held:* That the remainder over to the children of the nephew was not to take effect in possession until his death, and, while the children in being at the time of the death of the testatrix took vested remainders, these remainders were subject to open and let in after-born children, who were to share equally in the remainder.

3. WILLS—*Construction—Remainders—Rule Favoring Early Vesting of Estates—Intention Prevails.*—Whatever may be the value of the rule respecting the early vesting of estates, it will not be applied where its application would defeat a lawful intent of the testator expressed in his will. In the instant case, however, and others of its class, the rule is applied, but the vested estate opens and lets in others which belong to that class.

---

---

Appeal from a decree of the Circuit Court of Washington county. Decree for defendant. Complainant appeals.

*Modified and affirmed.*

The opinion states the case.

*J. Irby Hurt,* for the appellant.

*Jno. W. Neal,* for the appellee.

BURKS, J., delivered the opinion of the court.

The only question presented for our consideration is the proper interpretation of the first clause of paragraph 2 of the will of Margaret W. Hagy, which is as follows:

"To my nephew, John Henry Roberts, I devise my farm containing 300 acres lying in Rich Valley during his natural life, and at his death to go to his children equally."

The parties agreed on the following facts: That the testatrix was the sister of the father of John Henry Roberts, and that the mother of John Henry died a few hours after his birth, and his aunt, the testatrix, immediately took him and reared him as her own son, and he lived with her up to the time of her death; that the testatrix never bore a child; that the said John Henry was married twice, and had four children by each wife; that at the time of his second marriage the testatrix was alive; that the said John Henry and his second wife lived on the home place of the testatrix till her death occurred five or six years after his second marriage; that after the second marriage and before the death of the testatrix two children were still-born to the said John Henry and his second wife, and that after the death of the testatrix four children were born of said second marriage, who are still living, their ages ranging from eight years to

twenty months; that the will is dated February 4, 1909, and was admitted to probate November 20, 1909; and that John Henry Roberts is about forty-seven years of age, and his present wife is about forty-four years of age.

The appellant claims that the remainder after the death of John Henry Roberts vested in his children living at the death of testatrix, and that the children of the second marriage, all of whom were born after the death of the testatrix, took nothing under her will. The appellees claim that the remainder goes to all of that class who shall answer the description of "his children" at the time of his death. The circuit court took the latter view.

[1] Little, if anything, new is to be said on the subject of rules for the interpretation of wills. Each will is in large measure a law unto itself. If the intention of the testator can be fairly gathered from the language of his will, and the devise or bequest is not forbidden by law, no rule of law will control that intention. The intention of the testator when adequately expressed in his will, overrides all other rules of interpretation.

In the instant case, the devise is to the nephew "during his natural life, and at his death to go to his children equally." The devise is to a class, and to all of that class equally. All of them are equally related to the testatrix and to the life tenant, and there would seem to be no reason for discriminating between them. The testatrix lived in the house with the second wife four or five years before her death. During this time two children were still-born of that marriage. She knew when she made her will that other children would probably be born, and instead of providing against that contingency, as she could so easily have done, she uses language ample to comprehend them. The chief object of her bounty was the nephew to whom she stood *in loco parentis,* and after him and probably on account of her affection for him, his children, all of his children "at his

death." They all occupied the same degree of relationship to him. In interpreting this will, we are simply to inquire, What did the language used mean in the mouth of the testatrix? To whom did she intend the remainder after the life estate to go, to the children by the first wife only, or to all of the children by both wives? If this question be put to any intelligent layman, who knows nothing of technical rules of construction, we doubt not that his answer would be, to all of his children. It would seem, therefore, that the intention of the testatrix is adequately expressed in her will.

This view of the meaning of the testatrix, as expressed in her will, seems also to accord with the authorities as far as the interpretation of one will can be relied on as a guide to that of another.

In Graves on Real Property, p. 235, note (2), it is said: "If the gift to the children be postponed, as when the devise is 'to A for life, and after his death to the children of B,' then the rule is that the word 'children' includes any child born before the termination of the life estate of A, although not in being at the death of the testator." The statement of the text is supported by the cases therein referred to.

In 1 Minor on Real Property, section 794, p. 839, it is said that, "Upon a devise or conveyance to A for life, remainder to A's children, * * * it is established that all such children, living at the testator's death * * * take vested remainders, subject to open up and let in others who are subsequently born before the termination of the particular estate."

In *Cooper* v. *Hepburn*, 15 Gratt. (56 Va.) 551, the devise was unto Moses Hepburn "during his natural life and to his children if he should have lawful issue, if not then at his decease to my grandchildren." It was held that Moses took a life estate in the property with remainder to his lawful children, and that the remainder became vested in the children of the life tenant as they severally came into being,

subject to open and let in after-born children. At the time of the death of the testator Moses was not married and did not marry until a number of years afterwards, but was married and had lawful issue some years after the death of the testator.

To the same effect is *Hamletts* v. *Hamletts' Ex'r*, 12 Leigh (39 Va.) 350.

In *Hansford* v. *Elliott*, 9 Leigh (36 Va.) 79, 90, 94, so much relied on by the appellee, the court adverts to the distinction between a gift to a class and a gift to individuals, and referring to *Doe & Long* v. *Prigg*, 8 Barn. & Co., says: "The last case I consider as directly in point, or rather as going beyond the case at bar, because the remainder there was to a *class* and here it is to children *named.*"

In *Thomas* v. *Thomas*, 149 Mo. 426, 434, 51 S. W. 111, 112, 73 Am. St. Rep. 405, 409, it was held that, "where the distribution is, by the terms of the will, deferred to sometime after the testator's death, the gift will embrace not only all the children or members of the class living at the death of the testator, but all those who subsequently come into existence and are living at the time designated for the distribution. If the bequest is a present bequest, the beneficiaries who are *in esse* at the death of the testator will take vested interests in the fund, but subject to open and let in afterborn children who shall come into being and belong to the class at the time appointed for the distribution." This case is extensively annotated in 73 Am. St. Rep., 416, and we make the following quotations from that annotation as expressive of the rule which is to control in this case:

"*Where Distribution is Postponed until the Termination of a Precedent Interest.*

"Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest or the children of any other person, such gift will embrace not only the persons living at the death of the testator, but

12

all who may subsequently come into existence before the period of distribution. This rule is also firmly established and universally recognized. It is only in the application of the rule that any difficulty arises: *Ayton* v. *Ayton,* 1 Cox,. 327; *Moore* v. *Dimond,* 5 R. I. 121; *Jones' Appeal,* 48 Conn. 60; *Webster* v. *Welton,* 53 Conn. 183; *Handberry* v. *Doolittle,.* 38 Ill. 202; *Ridgeway* v. *Underwood,* 67 Ill. 419; *Teed* v. *Morton,* 60 N. Y. 502; *Thompson* v. *Garwood,* 3 Whart. 287, 31 Am. Dec. 502."

\*      \*      \*      \*      \*      \*      \*      \*

"A large number of these cases involving a gift over after a precedent estate or interest comprise devises to one for life with a remainder over to a certain class of children. Where the remainder is to the children of the life tenant, or to the children of anyone aside from the testator, the gift will include all children who answer the description at the time of the death of the life tenant, when the precedent estate terminates, whether such children were born before or after the death of the testator: *Thompson* v. *Garwood,* 3 Whart. 287, 31 Am. Dec. 502; *Coggins* v. *Flythe,* 113 N. C.. 102, 18 S. E. 96; *McLain* v. *Howald,* 120 Mich. 274, 79 N.. W. Rep. 182."

\*      \*      \*      \*      \*      \*      \*      \*

"Where the devise is of a life estate with the remainder over to the children of the life tenant, or to the children of anyone else, and the gift is to children generally, then the estate in remainder vests at the death of the testator in the children then in being, subject to open and let in those afterward born before the period of distribution: *Dingley* v. *Dingley,* 5 Mass. 535; *McComb* v. *McComb,* 96 Va. 779, 32 S. E. 453; *Hamletts* v. *Hamlett's Ex'r,* 12 Leigh (39 Va.)' 350; *Denny* v. *Allen,* 1 Pick. 147; *Anable* v. *Patch,* 3 Pick.. 360; *Campbell* v. *Stokes,* 142 N. Y. 23."

See also *McLain* v. *Howald,* 120 Mich. 274, 79 N. W. 182; 77 Am. St. Rep. 597; *McArthur* v. *Scott,* 113 U. S. 340, 5

Sup. Ct. 652, 28 L. Ed. 1015; *Dent* v. *Pickens,* 61 W. Va.
488, 58 S. E. 1029.

[2] In the case in judgment, the remainder over to the
children of the life tenant was not to take effect in posses-
sion until the death of the life tenant, and while the children
in being at the time of the death of the testatrix took vested
remainders, these remainders were subject to open and let
in the after-born children who are to share equally in the
remainder.

[3] Counsel for the appellee rely with great confidence
upon the able opinion of Judge Keith in *Allison* v. *Allison,*
101 Va. 537, 44 S. E. 904, 63 L. R. A. 920, holding, amongst
other things, that "words of survivorship used in a will are
to be construed as referring to the testator's death rather
than to that of a life tenant, unless a special intent to the
contrary appears on the face of the will," and also that a
gift over, after a life estate, to the heirs of the testator, is
a gift to the persons answering that description at the death
of the testator, and not at the death of the life tenant. But
in the case in judgment, no words of "survivorship" are in-
volved, and the gift over is not to "heirs of testator," but
to the children of the life tenant, and hence the case is not
applicable. The question here involved is the meaning of
the words "and at his death to go to his children equally."
No rules of construction are needed to reach this conclusion,
and as said by Judge Parker in *Catlett* v. *Marshall,* 10 Leigh
(37 Va.) 90, "If the intent, however, be apparent on the
face of the will, neither the technical rule respecting the
early vesting of estates, nor possible inconveniences arising
from a literal adherence to such intention, are to be re-
garded."

Whatever may be the value of the rule respecting the
early vesting of estates, it will not be applied where its ap-
plication would defeat a lawful intent of the testator ex-
pressed in his will. In the case in judgment, however, and

others of its class, as we have seen, the rule is applied, but the vested estate opens and lets in others which belong to that class.

For the reasons hereinbefore stated, the decree of the circuit court will be modified so as to conform to the views hereinbefore expressed, and as so modified, affirmed.

*Modified and affirmed.*