MATHIS *v.* CAUSEY *et al.,* executors.

No. 8222. JUNE 11, 1931.

*D. L. Henderson,* for plaintiffs.

*Davis & Friedin* and *George & John L. Westmoreland,* for defendants.

Hines, J.   Dr. Thomas F. Bivins died testate.   By his will he gave and bequeathed to his sisters, Miss Bessie Joel Bivins and Mrs. Mary W. Mathis, or the survivor of them at the time of his death, if they or either of them were living at the time of his death, all of his "clothing, personal jewelry, library, furniture, works of art, silverware, household goods, and other personal effects located at, and used or adapted for use in connection with, my residence on Sixth Street in said City of Vienna and at my office in the Forbes Building in said City of Vienna."   In his will the testator further provided that if his sister Bessie died leaving his sister Mary surviving her, the latter was to have the unconsumed part of the property thus bequeathed, and whatever part was undisposed of at the time of the death of his sister Mary, in such event, should become the property of her daughter, Mrs. Mary English.   Testator's sister Bessie died leaving his sister Mary surviving.   During his lifetime the testator was engaged in the general practice of medicine.   He owned and used an automobile in the practice of his profession, in traveling from his home to his office et vice versa, and in going to visit his patients.   It was necessary to the successful practice of his profession.   When not in use this automobile was kept by him in his garage in the rear of his residence.   He kept in this automobile various kinds of medicine, surgical instruments, and a case containing medicines, all of which were necessary and used by him in the practice of his profession.   The executors took possession of this automobile.   They refused, despite repeated demands by Mary, the sister of testator, to assent to the legacy in her favor in so far as it related to this automobile, on the ground that it is not embraced therein.   They sold the automobile for $300.   Mrs. Mathis filed her petition in which she set forth the facts above stated, and prayed that the executors be required to assent to said legacy as embracing the automobile, that they be required to turn it over to her or account to her for its value, that the will be construed so far as to determine whether this automobile fell within the legacy to petitioner; and for such other relief as might be granted to her.   The executors demurred upon the grounds that the automobile did not come within the terms of the legacy to petitioner, and that she was not entitled to have this will construed, as she was not a representative of the testator.   The judge sustained the demurrer and dismissed the petition, and petitioner excepted.

Does the above legacy include an automobile which the testator owned, and kept in a garage in the rear of his residence when not in use, and which he as an active practicing physician used in going from his dwelling to his office and vice versa, and in visiting his patients? If this automobile does not come within the meaning of the language "other personal effects located at, and used, or adapted for use in connection with" his "residence," "and at his office," the same being the language used in this legacy, the plaintiff is not entitled to recover. The words "personal effects," when used without qualification, generally include such tangible property as is worn or carried about the person. Brandon v. Yeakle, 66 Ark. 377 (50 S. W. 1004, 1005); Barney v. May, 135 Minn. 299 (160 N. W. 790). "Personal effects" is a phrase used to designate articles associated with the person. Lippincott's Est., 173 Pa. 368, 371 (34 Atl. 58); Bennett v. Bradley, 149 Va. 746 (141 S. E. 756, 758). These words are not always restricted to the above meaning as a matter of law, but may have a different meaning from the connection in which they are used. Ellege v. Henderson, 142 Ark. 421, 424 (218 S. W. 831). There is nothing in the will which we are construing to take the language out of its general meaning. This language embraces effects of a personal character when used in wills. Bennett v. Bradley, supra; U. S. v. Bernays, 158 Fed. 792, 794 (86 C. C. A. 52). This language means goods and items of property having a more or less intimate relation to the person. In re May, and Bennett v. Bradley, supra; 48 C. J. 1046 (§ 6). Besides, the language "personal effects" is further restricted by other words in this bequest. The personal effects given in this legacy are those located at, or used or adapted for use in connection with, testator's residence, and his office. These words restrict and limit the meaning of the words "other personal effects," as used in this bequest. The preposition "at" is of such general, indefinite, and elastic meaning that it does not, standing by itself, throw much light upon the interpretation of the words "personal effects." *Minter* v. *State,* 104 *Ga.* 743 (30 S. E. 989); *Jenkins* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574). Still, it can not be treated as without meaning. It is used restrictively. Furthermore, it is used in connection with other words which throw light upon the proper construction of this bequest. The personal effects bequeathed are not only such as were located at testator's resi-

dence, but are such as were also located "and used, or adapted for use, in connection with" testator's residence and at his office. In such restrictive meaning we can not hold that the automobile of testator passed to plaintiff under this bequest. We think that the words "other personal effects" are used in a restrictive sense, and were intended to embrace articles which had a value derived from association and personal use. *Welman* v. *Neufville, 75 Ga.* 124, 128. So we are of the opinion that the trial judge did not err in sustaining the demurrer and in dismissing the petition of the plaintiff. *Judgment affirmed. All the Justices concur.*